U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 7 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN WAYNE JENKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-797-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, John Wayne Jenkins, a state prisoner currently incarcerated in Cuero, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. PROCEDURAL HISTORY

In April 2007 petitioner was charged by indictment with aggravated assault with a deadly weapon in the 372nd District

1

Court of Tarrant County, Texas, in Case No. 1054644D. (State Habeas R. at 139) On November 19, 2007, petitioner pleaded guilty to the offense, and the trial court placed him on five years' deferred adjudication community supervision, ordered him to pay a fine, attorney fees and costs, and entered conditions of his community supervision. (*Id.* at 140-44) Petitioner did not directly appeal the judgment placing him on deferred adjudication community supervision; thus, the judgment became final thirty days later on December 19, 2007. TEX. R. APP. P. 26.2(a)(1); *Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Thereafter, on January 23, 2008, the state filed a petition to proceed to adjudication of guilt based on petitioner's failure to pay monthly installments toward his fine, attorney fees and costs in December 2007 and his violation of the condition that he not contact the victim. (*Id.* at 145-46) After a hearing on October 10, 2008, the trial court revoked petitioner's deferred adjudication community supervision, adjudicated his guilt, and sentenced him to twelve years' confinement. (*Id.* at 147-49) Petitioner appealed the trial court's judgment adjudicating guilt, but the appellate court affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (*Id.* at 150-52)

PDR No. 1835-09.

On September 15, 2010, petitioner filed a state habeas application for writ of habeas corpus raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court.[1] (*Id.* at cover) Petitioner filed this federal petition for writ of habeas corpus on November 5, 2012.[2]

## II. ISSUES

Petitioner raises the following nine grounds for habeas relief, all relating to the original plea proceedings:

(1) Prosecutorial misconduct;
(2) Ineffective assistance of counsel;
(3) Due process of law violation;
(4) False indictment;
(5) No evidence;
(6) Conspiracy;
(7) Judicial misconduct;
(8) Inconsistent statements; and
(9) Involuntary plea.

---

[1] Although a state prisoner's state habeas application is deemed filed when placed in the prison mailing system, the application does not reflect the date petitioner did so. *Richards v. Thaler*, — F.3d —, 2013 WL 809246 (5th Cir. Mar. 5, 2013). According, petitioner is not given the benefit of the prison mailbox rule.

[2] *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition is deemed filed when papers delivered to prison authorities for mailing).

(Pet. at 6-10; Mtn to Supp., Ground 9)

### III. STATUE OF LIMITATIONS

Respondent believes the petition is time-barred and should be dismissed. (Resp't Ans. at 4-8) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A).[3]

Because petitioner's claims relate to facts and events involving the original plea proceedings, the judgment placing him on deferred adjudication community supervision is the relevant judgment for purposes of the one-year statute of limitations. Tharpe v. Thaler, 628 F.3d 719, 724 (5th Cir. 2010) (holding "a habeas claim that challenges a deferred-adjudication order and another habeas claim that challenges a conviction and sentence involve two different "judgments" for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments-one a

---

[3]The record does not reflect that any unconstitutional "State action" impeded petitioner's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to petitioner's claims or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

5

deferred-adjudication order and the other a judgment of conviction and sentence-we are dealing with two separate and distinct limitation periods under the AEDPA"). Under subsection (A), the judgment became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on December 19, 2007, and closed one year later on December 19, 2008, absent any applicable tolling.[4] TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's relevant state habeas application was filed on September 15, 2010, after limitations had already expired and did

---

[4]Petitioner asserts prior to his plea, article 42.12, § 5 of the Texas Code of Criminal Procedure prohibited appeals from the decision to adjudicate after the revocation of deferred adjudication community supervision. (Pet'r Reply at 2-3) Effective June 15, 2007, he asserts the statute was amended to allow appeals from the decision to adjudicate guilt. Therefore, he "had the right to appeal all proceedings as if it had never been deferred, including the claims raised in his habeas. This means that on [sic] October 10, 2008, became the date of conviction and the time period began." (*Id.* at 2) The undersigned finds no support for this argument. To the contrary, Texas law provides that an appeal of the original plea proceeding, taken after the revocation, is untimely. *Manuel*, 994 S.W.2d at 660 (recognizing as appealable an order deferring adjudication of guilt and requiring issues relating to original plea proceedings to be appealed when deferred adjudication community supervision is first imposed). Thus, petitioner could not have raised his claims relating to the original plea proceedings at that stage of the proceedings.

not operate to toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Id.* at 2560; *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner fails to demonstrate he was prevented from filing his federal petition due to obstacles out of his control, and his lengthy delay in seeking federal habeas relief further mitigates against equitable tolling.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

7

petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional right.

SIGNED March 7, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE